Messrs. Weston and Dorn or Duran? Dorn, okay. May I please record, my name is John Weston and I represent the appellant, the appellants in this case, Z&R Cab LLC and Zorro Inc. I'd like to reserve four minutes of my time for class action brought by two Philadelphia cab companies against the PPA to recover all sums that were unconstitutionally collected for a period of about ten years. Just a question at the outset, is your request for injunctive relief moot in light of the revisions to the regulatory scheme? As the district court held and as I concede now, yes. There is no longer for equitable relief in this case. And so all you're seeking are damages? Yes. The Pennsylvania court found in the statute that your clients were subjected to as having constitutional defects, Pennsylvania's constitution and federal constitution. Why should a federal court weigh in on what the remedy should be for that? Because that gets to the heart of this matter. Thank you very much, your honor. That's what we're here for. The district court held that it lacked subject matter jurisdiction because the remedy was reserved to the Commonwealth of Pennsylvania. In fact, that was incorrect. The district court clearly had subject matter jurisdiction and what it did effectively was to find that the complaint set forth a cause of action for which the district court couldn't grant relief. But clearly there's section 1331 federal question jurisdiction. It's a 1983 action for a 14th amendment due process violation. Let's assume you're right. And the question becomes a question of comedy. Okay. The question then is whether the district court could abstain. And the law, as I hope our briefs make clear, is fairly straightforward. That if a district court has subject matter jurisdiction, it is under an unflagging obligation to exercise that jurisdiction absent one of a few very narrow exceptions. None of the narrow exceptions applies in this case. When you talk about the narrow exceptions, you're talking about traditional abstention doctrines. Yes, your honor. What about Levin and Comity? Judge Amber was asking about Comity. Putting aside the traditional abstention doctrine. The Levin case and the McKesson case, all of those cases dealt with a different, radically different circumstance than what we have here. Those are all disparate class taxpayer cases. Most of them arise under the Commerce Clause. Some arise in different ways. Levin, for example, was a differential in taxation for gas prices, I think, in Ohio. But in all of those cases, you have a class of taxpayers that is favored with lower taxes and a class that is disfavored with higher taxes. The Supreme Court has said that in that circumstance, the remedies available are to raise the taxes on the favored class, to lower the taxes on the disfavored class, or a combination. And that policy decision is left to the states. We don't have that here. In the present case, we have just everyone who paid fees to the PPA paid fees in violation of the New Process Clause. There was no differential treatment among the fee payers, which is why the McKesson line of cases, the Levin case, don't apply. The question is, is there another abstention ground? When we were arguing the reconsideration motion, the... Well, I mean, in all of the cases that we've had so far with regard to the Supreme Court, in matters of taxation, where there is a problem, you let the state courts decide the remedy. The question is, for us, do we expand, because the Supreme Court has, do we expand those The answer is no, you do not. And why? Because there is a fundamental difference, a policy difference, between fees that a regulatory agency collects, such as the PPA, the self-funded organization, and money that goes into the state treasury, such as tax money. The cases make this distinction, when preparing for today's argument, it occurred to me that the 11th Amendment cases are the ones that actually best express it. The policy is we don't want federal courts interfering with the state treasury, and that's not what's happening in this case. But the cases are uniform, that if all you're talking about are fees, is fees, those taxation policy issues don't arise. In other words, you're saying you can have a definite, some certain, with regard to damages, once all is said and done. What's the measure of damages? Why is there some certainty here? It's whatever the taxed entities paid during the class period. Why would that be the measure of damages? Wouldn't the measure of damages be what would have been the result had they been afforded an opportunity to be heard before the assessments were made? That's a great question. And the Pennsylvania Commonwealth Court has already answered that question in the MCT transportation case, where it said, we can't know, because there were no standards under that statute to guide the taxing authority, or the fee assessing authority or the PPA in setting its fees. That was one of the two Fourteenth Amendment violations that the Commonwealth Court found, was that there were no standards. So you can't look back and say, this is what they should have paid. But your harm here is the due process violation, the failure to be able to have notice in a hearing. That's one of the two. So I think that might go to Judge Vanasky's question, how are you going to measure your damages? Well, that's, there are two due process violations here. One is the failure to hold the hearings and one is the failure to have standards for how the taxes were assessed. The Commonwealth Court found both of those were due process violations. So how are you going to measure the damages? How are you going to argue, because you asked for a jury demand in both our case and the one in the state court. How are you going  to measure the damages? Oh, we can calculate how much all of the different cab companies and cab drivers. So you're saying your damages is every dollar that the company paid, that no fee was ever appropriate. I agree. That's your position. That's our position. But that's not what the Commonwealth Court didn't immunize the payment of the requirement of paying fees. And the state legislature, in fact, felt fees should be paid. And they gave a hearing mechanism in the amended law. So how can you say that dollar for dollar you're going to get every dollar back? Well, because the law coerced that money out of the cab companies and the cab drivers in violation of the Constitution. I mean, it's just, it's a prima facie. You can't take money in violation of the Constitution. They weren't paying a fee before. They were. They were paying a fee to the community. No, that's a part before it is given. Okay. The PPA, in its brief, has argued that they would have had to have paid something. And the PPA may be able to establish that at trial. You also have a statute of limitations problem, don't you? There are. We haven't briefed the statute of limitations in any court so far. Obviously for a 10 year period, the statute of limitations is going to arise. But the PPA, I think it's at page 30 of its brief, perhaps. I wrote it down here and it's not critical. But what you're saying, as I understand it, correct me if I'm wrong, that whatever happens in the end, there will be a sub-certain. Yes. And so it's not up to a state court to determine how it goes about remedying the state fisc. The notion that a state court can somehow turn around and say, looking back over that 10 year period, we think these were the fees that should have been paid, which the PPA has raised in its brief. It has that Alabama case that says the proper remedy may be no remedy at all. I think that that is, goes against the cases that we're talking about as well as poses the problem of an ex post facto law. And that's an issue for down the road. But the reason why I posited the question was there is available to you a remedy in the state courts, right? We have filed the identical case in the state court. There is no other procedure, however, Under Pennsylvania law, the Commonwealth Court made that point in MCT transportation. They said there is no remedy. That was one of the due process violations. So these Pennsylvania statutory provisions that allow for recoupment of wrongly paid monies to a governmental entity don't apply here? I think your officer has cited That's correct. The MCT says there is no provision to get this money back under Pennsylvania law. But you do have this court remedy that you're pursuing? There is an arguable court remedy, and of course under Colorado There's a real court remedy in the Green Court. You brought it out and there's like a pre-trial order and everything. Under Colorado River, though, that's not unusual. Federal and state cases proceed along parallel lines. Whichever one gets to the end first, you've got issue preclusion to apply in the other case. The procedural question, why didn't you just argue initially that comedy is non-jurisdictional and that the PPA didn't rely on it? In effect, they braved it. Well, I confess, Your Honor, it's because that hadn't occurred to me. But the second thing That would have been my answer, too. The second reason is our third issue in this case, which is we never got a chance to brief this in the district court. The district court raised this whole issue of remedy sua sponte. The only time that we were able to address it was on our reconsideration motion. And there, as the district court pointed out in its second opinion, we faced a different burden  Thank you, Your Honor. Mr. Doran. Good afternoon, Your Honor. May it please the court, Patrick Doran, I represent the Philadelphia Parking Authority. Let me start where we finished. I mean, clearly comedy is non-jurisdictional under direct marketing, the Supreme Court decision. And you didn't rely on it before the court. Why isn't it waived? Your Honor, the argument we made in the district court in the motion to dismiss was that the MCT decision should not be given retroactive effect. And the comedy principle only arises here if the court determines that retroactivity must be given and therefore the court is going to get involved in a remedy. Just don't quit. How did jurisdiction get involved, subject matter jurisdiction get involved in the district court decision at all? Pardon me, Your Honor? How does subject matter jurisdiction, when did it come out, just in the court's opinion? In the court's opinion. Correct, Your Honor. So neither side had... Correct. And we evaluated that issue, Your Honor. Our strategy in the motion to dismiss was very clearly arguing that MCT was not entitled to retroactive effect. Judge Delzello did not agree with us. But to render that decision that we asked the court to render would not have offended any principle of comedy because the court would not have been determining a remedy for the MCT decision in a retroactive sense. Yeah, that makes sense. That's why comedy didn't come up either. Correct. And we consciously did not make that argument. Judge Delzello seized on that argument. Judge Delzello was correct in seizing that argument, assuming he was correct in rejecting our argument that MCT should not be given retroactive effect. We don't necessarily agree with that, but for current purposes, we acknowledge that that is the law of the case as it sits. So, if there's a finding that it has retroactive effect, why does McKesson and Harper deprive a federal court of subject matter jurisdiction? Well, McKesson and Harper technically do not judge because those are both cases... A direct appeal. Certainly founded in principles of comedy, but where the court was granted review from a decision of the high state appellate court. The real key decision here is the case that your honor cited in your first question to my colleague, Mr. Weston, that Bing Norbin case. Clearly, the claim brought by the plaintiff in the Levin case was subject to the court's federal question, subject matter jurisdiction, just as it otherwise would be here. But in Levin, wasn't that a case where a plaintiff was trying to improve its competitive position through the tax code? The plaintiff in Levin sought to eliminate exemptions that were afforded to the local distribution companies that weren't afforded to the independent marketers under the Ohio gas taxes. And to be clear, when it comes to the remedy in connection with the tax case, federal courts, just steer clear. Let the state figure out how it wants to balance. No question, and the key question here was raised again during the questions presented to Mr. Weston. Is there any reason why we shouldn't extend that rationale to a case involving regulatory fees such as this case? And there is no reason not to extend. In fact, if you look at the reasoning of the Supreme Court in those decisions, Levin, McKesson, Harper, every case that's addressed these issues, the rationale applies equally to regulatory fees. One of the principles that courts focus on... Except here, I don't think they're going to get nearly as much as they're asking for, and it may even be nominal damages, but it's just some certain. It's only a some certain, Your Honor, it is only a some certain if the plaintiff's, if the appellant's argument is accepted that the only possible refund is a full 100%, the only possible remedy is a full 100% refund. That would be the only some certain. If you don't accept the premise that because... What you're saying otherwise, it would just be nominal damages. Well, there are a lot of dollars collected by the parking authority  Millions of dollars. So, you know, it could be nominal in the sense of what would be the claim that these operators would make that the fees that they paid were somehow excessive compared to the cost of regulation? You know, that's a question. And the very engagement in those questions by a federal court would intrude upon and disrupt Pennsylvania's compelling interest in regulating taxicabs. And the way Pennsylvania has chosen to do that is by funding the regulated utility itself. And there's a long history of this. In 1994, the General Assembly decided that Pennsylvania taxis should be treated separate... Pardon me, Philadelphia taxis should be treated separate and apart from those in the rest of the state. The Medallion Act was passed. A limited number of taxicabs in Philadelphia. Significant upgrades required to Philadelphia taxicabs to promote commerce, tourism, protect public safety. In 2004, the General Assembly again reiterated those governmental interests, transferred responsibility from the PUC to the property authority. You were starting to say that, and I don't know if you finished your thought, that levin should be extended... It should. ...outside of the tax area to regulatory fees. And then you were starting to say, because each of the cases, which include Mefcaz and Harper, and then I didn't hear what your answer was... Well, the reasoning in those cases speaks in terms that are just as applicable to regulatory fee assessments as to tax assessments. In levin, in fair assessment, the court talks about taxation being essentially the lifeblood of what permits the government to operate. In this case, the regulatory assessments, millions of dollars, is the lifeblood of what allows the Commonwealth of Pennsylvania to regulate the taxicab industry in Philadelphia. So it goes to all of both these taxes and regulatory fees go to fiscal operations. Absolutely go to fiscal operations, and, Your Honor, that was my next comment. Reference to fiscal legislation, fiscal affairs, economic legislation, is a common thread through all those decisions. Now, in levin, the court talks about the doctrine of comedy being more abrasive than the Tax Injunction Act, because in that case, the Sixth Circuit had ruled that because we were dealing with fees and not taxes, the district court improperly refused to exercise jurisdiction to hear the case. And we know from direct marketing, which was just decided in March by the Supreme Court, that it concluded the regulatory scheme there had nothing to do with taxes. It dealt with notice of use tax. And then at the end of the opinion, it says, you know what, maybe the issue of comedy should be addressed by... In that case, I guess it was the Sixth Circuit. I'm not 100% sure. It was the Intermediate Appellate Court. Should we weigh in on this comedy issue if we find there was subject matter jurisdiction in the first instance, or should we ask the district court to consider it? No, I think the district court correctly decided applying... I don't know that the district court cited levin. It said it had no subject matter jurisdiction, so it said, I can't abstain from something I have no subject matter jurisdiction, so it never considered comedy. Correct, correct. Should it be levin in the first instance if we find there's subject matter jurisdiction, or should the district court? Well, I don't... If you find subject matter jurisdiction, I think it would be appropriate for this court to do that. But levin teaches there isn't subject... Because... Just because federal question jurisdiction exists as a statutory matter, that does not change the end result in levin in which the court held that there was no subject matter jurisdiction for the court to engage in any inquiry as to a remedy that would affect the state fiscal scheme. And you're using subject matter jurisdiction as we all understand to be not that a court should decline to rule. In levin, the court did not frame its decision in terms of abstention or decline to rule. It argued that the court has no jurisdiction because if it does exercise jurisdiction, it disrupts the state's essential interest in those fiscal operations, and therefore there is no jurisdiction. Do we have to go that far? Could we conclude that there was subject matter jurisdiction? And I think Judge Ambrose touched upon this a little bit because it's a 1983 action, but that Doctrines of Komeny suggest that federalism and things like that, we should respect the state because of the teachings of Harper, McKesson, Levin, that if it's going to interfere with fiscal operations of a state entity, the federal court should allow the state remedies to take place. Correct, Your Honor. That's our position. Okay. The... If they get damages, will it be of some sort? Only if they prevail in persuading a court that they are entitled to a 100% refund of every dollar paid. And we adamantly dispute that that is... Well, yeah, I mean, you have a statute of limitations argument. I mean, it may be less than that. Well, we certainly are going to argue that it's much less than that. I think Mr. Weston would not concede that the statute of limitations would apply to his ultimate refund claim because I suspect what he will argue is because the statute violated due process that the only way to remedy that violation is a 100% remedy from the day one operation of the scheme. We certainly will argue that not only will the statute of limitations apply, and that's a statute which is for Pennsylvania to decide, but also, more importantly, the measure of damages is for Pennsylvania to decide. This violation found by MCT, by the Commonwealth Court, was that the statute lacked a protest procedure. I agree. I mean, Pennsylvania is going to decide if there are damages, and if so, what they are. The question is, is the remedy. You've got a matter that's clearly, I think, clearly before a federal court, despite what the district court said, that there is subject matter jurisdiction. And then the question becomes, with the federal court having... The Supreme Court keeps telling us we have this unflagging obligation to decide. We know that in the tax area, we steer clear. Is there any case that says you go beyond the tax area, federal court, and as a matter of federal-state relations comedy, whatever you want to call it, that we should steer clear beyond the tax realm? I've read hundreds of McKesson cases, and I located one. It's a district court decision. It's the Valero decision cited in our papers by the district court in West Virginia. That case involved fees, not taxes. And it could only involve fees because if it had involved taxes, the court would not have had jurisdiction under the Tax Injunction Act. Those were fees imposed on coal operators. Pardon me, waste disposal operators, both solid waste and sludge. And it was a discriminatory scheme. But critical to the court's reasoning was these are fees, they're not taxes. That court held that although the act was unconstitutional and violated the Commerce Clause, it could not address a remedy. It could not address a remedy because of the principles articulated in McKesson. So that is a decision, albeit of a district court, which extends that reasoning to fees and not taxes. I am not aware of any other decision addressing the question pro or con. And that's the Valero case? Valero, yes, Your Honor. Okay. Thank you very much. Thank you very much. If I may just address a number of the matters that were raised. Other than the Valero case where the West Virginia District Court found that a full refund was due and there was an easy and adequate state remedy to obtain that, I will go out on a limb with Mr. Doran and say that no federal case,   I will go out on a limb with Mr. Doran and say that no federal case, other than the circuit court case, has held that there isn't this distinction between fees and taxes. The Tax Injunction Act itself makes that distinction. And so to simply say that a federal court may abstain in any case that involves state fiscal matters is violating all of the abstention cases. I'd like to read because the PPA keeps claiming that disaster is about to befall if we proceed with this matter. A case called Atlantic Coast Demolition and Recycling. It's 112 F 3rd 652 a Third Circuit, New Jersey case from 1997 which says although we do not decide the present case on due process grounds, we nevertheless conclude that McKesson borrows the defendants from arguing that financial cost of a constitutional remedy constitutes justification for withholding that remedy. There's been everyone agrees there's been a due process violation here. There has to be a remedy for that. There is nothing that says that remedy is reserved to the Pennsylvania courts. But sometimes for a due process violation if they'd be hurt, it's nominal damages. When the plaintiff cannot show actual harm he's applied to our remedies. When the plaintiff cannot show actual harm, you're entitled to nominal. That is certainly the law, your honor. In this case, in neither state nor federal court have we come close to addressing that matter yet. Thank you very much. Thank you to both counsels for your well presented arguments. We'll take the matter under advisement and I would ask if you would get together with the clerk's office and have a transcript of this whole argument prepared and split the cost if you would please.